**Rian ORTHMANN, Petitioner–Appellant,**

v.

**Brian BELLEQUE, Respondent–Appellee.**

No. 07–35029.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2007.*

Filed Nov. 21, 2007.

C. Renee Manes, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FISHER and BERZON, Circuit Judges, and MOSKOWITZ, District Judge.**

### MEMORANDUM ***

Appellant Rian D. Orthmann ("Orthmann") appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

Even assuming Orthmann's ineffective assistance of counsel claim was adequately pleaded before the district court, Orthmann is not entitled to relief on the claim. The state court's determination that Orthmann was not denied the effective assistance of counsel was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2).

Although the state court did not specifically address evidence that Orthmann contends supports his claim, its factual determination that his trial counsel was unaware of a potential impeachment witness was not unreasonable. The evidence upon which Orthmann relies was not "highly probative and central" to Orthmann's claim and was not "sufficient to support [Orthmann's] claim when considered in the context of the full record bearing on the issue presented in the habeas petition." *Taylor v. Maddox,* 366 F.3d 992, 1001 (9th Cir.2004).

It would not have been unreasonable for a rational fact-finder to discount Orthmann's proffered evidence without comment. *See id.* at 1006. We therefore conclude that the state court's fact-finding process was adequate to survive AEDPA's deferential standard of review. *See id.* at 1000.

We need not decide whether Orthmann's *Blakely* claim was procedurally defaulted. It fails on the merits. *Blakely* does not apply retroactively to Orthmann's conviction, which became final before that decision was announced. *Schardt v. Payne,* 414 F.3d 1025, 1036 (9th Cir.2005). The fact that the sentencing judge did not preside over the trial does not seriously diminish the reliability of his factual findings and so is not a basis for distinguishing *Schardt.*

**AFFIRMED.**

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.